**Cory KLATT, Plaintiff and Appellant,**

v.

**Ike THOMAS; John Doe I, dba Southgate Golf Course; Lava Hills Resort Corporation, a Utah corporation; Rex Jackson; John LaGant; and John Willie, Defendants and Appellees.**

No. 890120.

Supreme Court of Utah.

March 2, 1990.

---

4.  *See supra* note 1.

Floyd W. Holm, Cedar City, for Cory Klatt.

Lowell V. Smith, Richard K. Glauser, Salt Lake City, for Southgate Golf Course.

Paul Graf, St. George, for John Willie.

Terry L. Wade, St. George, for Rex Jackson.

Timothy B. Anderson, St. George, for John LaGant.

PER CURIAM:

Plaintiff was struck in the eye with a golf ball as she was standing on the fifteenth tee, ready to play, at the Southgate Golf Course in St. George, Utah, on April 5, 1986. The golf ball was struck by defendant Thomas, as he stood at the fourteenth tee. According to plaintiff, golfers standing at the fourteenth and fifteenth tees nearly face each other, but are slightly to the right of each other and are 50 to 75 feet apart. Plaintiff alleged negligence in the design and construction of the golf course on the part of the designers and builders, defendants Jackson, LaGant, and Willie, and negligence in maintenance of the defective course design on the part of the owner, defendant Southgate Golf Course (Southgate). Southgate cross-claimed against the other defendants for contribution pursuant to Utah Code Ann. § 78–27–42 as it provided at the time of the injury.[1]

■ The trial court granted summary judgment in favor of Jackson, LaGant, and Willie, ruling that Utah Code Ann. § 78–12–25.5 (1989 Supp.), the architects and builders statute of repose, bars recovery against them, since the golf course was designed more than seven years prior to the injury alleged here. Southgate's cross-claim against these defendants was dismissed on the same ground. In addition, the trial court granted summary judgment in favor of the owner, Southgate, ruling that plaintiff failed to show any evidence that Southgate knew or should have known of any defect on the golf course.

This Court recently ruled that the architects and builders statute of repose, section 78–12–25.5 is unconstitutional as measured against article I, section 11 of the Utah Constitution. *See Horton v. Goldminer's Daughter*, 785 P.2d 1087 (Utah 1989); *Sun Valley Water Beds of Utah v. Herm Hughes & Son, Inc.*, 782 P.2d 188 (Utah 1989). The judgments in favor of Jackson, LaGant and Willie, and dismissing Southgate's cross-claim are reversed, as *Horton* and *Sun Valley* are controlling.

After *Horton* and *Sun Valley* were issued, plaintiff settled with defendants Jackson, LaGant, and Willie, and this Court dismissed those parties on the motion of appellant Klatt. Southgate objected to dismissal of the other defendants, and now moves for rehearing of the matter. Southgate argues that if this Court reverses the summary judgment in its favor, the judgment dismissing its cross-claim for contribution should also be reversed, and the other defendants should continue to be par-

---

1. Section 78–27–42 was repealed and replaced by the Liability Reform Act, which eliminated joint and several liability, effective April 28, 1986. However, the law as it existed at the time of the injury, April 5, 1986, applies. *Stephens v. Henderson*, 741 P.2d 952 (Utah 1987).

ties at a trial on remand. While we agree with Southgate's reasoning, we believe that it is unnecessary to rehear the motion to dismiss the other defendants, since they were dismissed as appellees for the purposes of appeal only.

■ The trial court erred in granting summary judgment to Southgate. The affidavit of plaintiff's expert was sufficient to show that a genuine dispute of material fact exists with respect to Southgate's negligence. The summary judgment in favor of Southgate is also reversed.

Reversed and remanded for trial.